IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE LOUIS CHAMPION, (Reg. #75103-079) Petitioner, VS. M. MARTIN, Respondent. | CIVIL ACTION NO. H-12-0330 |

## MEMORANDUM AND OPINION

Petitioner, Joe Louis Champion, an inmate of the Federal Correctional Complex in Beaumont, seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges a conviction in the 185th Judicial District Court of Harris County, Texas. Respondent filed a motion for summary judgment, (Docket Entry No. 34), and copies of the state court record. Champion has filed his response. (Docket Entry No. 35). After consideration of the motion and response, the record, and applicable authorities, the court grants respondent's motion. The reasons for this ruling are stated below.

I.     **Background**

Champion pleaded guilty to the felony offense of delivery of a controlled substance. (Cause Number 494490). On December 29, 1988, the 185th Judicial District Court of Harris County, Texas sentenced Champion to fifteen years imprisonment.

On February 20, 1997, a federal jury found Champion guilty of conspiracy to possess with intent to distribute more than 50 grams of crack cocaine base, and aiding and abetting the possession

with intent to distribute the crack cocaine base, in Criminal Action Number 4:96-CR-255. The indictment alleged that the offense took place on October 8, 1996. The United States District Court for the Southern District of Texas, Houston Division sentenced Champion to life imprisonment followed by a ten-year supervised release term.

On February 2, 2012, this court received Champion's federal petition. Champion contends that his 1988 state conviction is void because he received ineffective assistance. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 5-6). Respondent argues that Champion has discharged this sentence, that he is no longer in custody pursuant to this conviction, and that this court lacks jurisdiction to consider this claim. (Docket Entry No. 34, Respondent's Motion for Summary Judgment, p. 6). Champion responds that this state conviction was used to enhance his current federal sentence, and that he satisfies the "in custody" requirement. (Docket Entry No. 35). The court considers these arguments and responses below.

## II.    The Applicable Legal Standards

This court reviews Champion's petition for writ of habeas corpus under the federal habeas statutes, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254; *Woods v. Cockrell*, 307 F.3d 353, 356 (5th Cir. 2002); *Nobles v. Johnson*, 127 F.3d 409, 413 (5th Cir. 1997), citing *Lindh v. Murphy*, 521 U.S. 320 (1997).

Sections 2254(d)(1) and (2) of AEDPA set out the standards of review for questions of fact, questions of law, and mixed questions of fact and law that result in an adjudication on the merits. An adjudication on the merits "is a term of art that refers to whether a court's disposition of the case is substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). A state-court determination of questions of law and mixed questions of law and fact is reviewed under

28 U.S.C. § 2254(d)(1) and receives deference unless it "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000). A state-court decision is "contrary to" Supreme Court precedent if: (1) the state court's conclusion is "opposite to that reached by [the Supreme Court] on a question of law" or (2) the "state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. *Williams v. Taylor,* 120 S. Ct. 1495 (2000). A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 1495. Questions of fact found by the state court are "presumed to be correct . . . and [receive] deference . . . unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill,* 210 F.3d at 485 (quoting 28 U.S.C. § 2254(d)(2)).

A state court's factual findings are entitled to deference on federal habeas corpus review and are presumed correct under section 2254(e)(1) unless the petitioner rebuts those findings with "clear and convincing evidence." *Garcia v. Quarterman,* 454 F.3d 441, 444 (5th Cir. 2006) (citing *Hughes v. Dretke,* 412 F.3d 582, 589 (5th Cir. 2005) and 28 U.S.C. § 2254(e)(1)). This deference extends not only to express findings of fact, but to the implicit findings of the state court as well. *Garcia,* 454 F.3d at 444-45 (citing *Summers v. Dretke,* 431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004)).

While, "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," *Clark v. Johnson,* 202 F.3d 760, 764 (5th Cir.), *cert. denied,* 531 U.S. 831 (2000), the rule applies only to the extent that it does not conflict with the habeas rules. Section 2254(e)(1) – which mandates that findings of fact made by a state court are "presumed to be correct" – overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. Unless the petitioner can "rebut[ ] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002).

Champion is proceeding *pro se*. A *pro se* habeas petition is construed liberally and not held to the same stringent and rigorous standards as pleadings filed by lawyers. *See Martin v. Maxey,* 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh,* 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir. Unit A June 1981). This court broadly interprets Champion's state and federal habeas petitions. *Bledsue v. Johnson,* 188 F.3d 250, 255 (5th Cir. 1999).

### III. Analysis

In this petition for federal habeas corpus relief, Champion challenges a 1988 state conviction for delivery of a controlled substance. The first showing a § 2254 petitioner must make is that he is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a).

In *Maleng v. Cook,* 490 U.S. 488 (1989) (per curiam), the Supreme Court considered a situation quite similar to the one presented here. In that case, the respondent had filed a § 2254 petition listing as the "'conviction under attack'" a 1958 state conviction for which he had already served the entirety of his sentence. 490 U.S. at 489-490. He also alleged that the 1958 conviction

had been "used illegally to enhance his 1978 state sentences" which he had not yet begun to serve because he was at that time in federal custody on an unrelated matter. *Id.* The Court determined that the respondent was "in custody" on his 1978 sentences because the State had lodged a detainer against him with the federal authorities. *Id.* at 493. The Court held that the respondent was not "in custody" on his 1958 conviction merely because that conviction had been used to enhance a subsequent sentence. *Id.* at 492. The Court acknowledged, however, that because his § 2254 petition "[could] be read as asserting a challenge to the 1978 sentences, as enhanced by the allegedly invalid prior conviction, . . . respondent . . . satisfied the 'in custody' requirement for federal habeas jurisdiction." *Id.* at 493-494.

Similarly, Champion is no longer serving the sentence imposed pursuant to his 1988 conviction, and therefore cannot bring a federal habeas petition directed solely at that conviction. Champion is, however, currently serving a life sentence for a federal conviction in the United States District Court for the Southern District of Texas in Criminal Action Number 4:96-0255. Champion asserts that his 1988 state conviction was used to enhance his federal sentence. (Docket Entry No. 2, Petitioner's Memorandum, p. 13).

Assuming arguendo that Champion's 1988 conviction was used for enhancement purposes, the court finds that like the respondent in *Maleng,* Champion's § 2254 petition can be construed as asserting a challenge to the 1997 federal sentence, as enhanced by the allegedly invalid prior 1988 state conviction. *Id.* at 493. Accordingly, Champion satisfies § 2254's "in custody" requirement.

The next issue before the court is Champion's contention that his 1988 conviction was improperly used to enhance his 1997 federal conviction. However, under *Lackawanna Cnty. Dist.*

*Attorney v. Coss,* 532 U.S. 394, 403 (2001), Champion's 1988 conviction is "conclusively valid." The Supreme Court held:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. *See Daniels* [*v. United States,* 523 U.S. 374, ___, 121 S. Ct. 1578, 1583 (2001)]. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id.* at 403-04. The summary judgment evidence shows that in May 11, 2007 Champion completed serving his fifteen-year sentence for the 1988 conviction in Cause Number 494490. (Docket Entry No. 34-1, Respondent's Motion for Summary Judgment, p. 3). The 1988 conviction was "no longer open to direct or collateral attack in [its] own right."

The Supreme Court recognized an exception to the general rule announced in *Lackawanna* when the petitioner challenges "an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright,* 372 U.S. 335 (1963)." *Lackawanna Cnty. Dist. Attorney,* 531 U.S. at 404. In the instant federal petition, Champion indicates that he was represented by court-appointed counsel. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 8). The summary judgment evidence demonstrates Champion was represented by counsel, Reo Harris, when he pleaded guilty in December 1988. (Docket Entry No. 33-11, pp. 47, 56-57). Because Champion does not allege that there was a failure to appoint counsel in violation of *Gideon,* he has no basis upon which to challenge the 1988 state conviction.

## IV. Conclusion

Respondent's Motion for Summary Judgment, (Docket Entry No. 34), is GRANTED. Champion's petition for a writ of habeas corpus is DENIED. This case is DISMISSED. Any remaining pending motions are DENIED as moot.

The Supreme Court has stated that the showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). Under that standard, an applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001)(citing *Slack,* 529 U.S. at 484). Champion has not made the showing necessary for issuance of a COA.

SIGNED at Houston, Texas, on March 5, 2014.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE